UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. BANK NATIONAL ASSOCIATION, as Trustee Successor in Interest to Bank of America, National Association, as Trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2006-AR1, Its Assignees and/or Successors,<br><br>Plaintiff,<br><br>v.<br><br>SAMISONI VIRIVIRI,<br><br>Defendant. | Case No. 2:20-cv-00388-TLN-EFB<br><br>**SUA SPONTE REMAND ORDER** |

This matter is before the Court pursuant to Defendant Samisoni Viriviri's ("Defendant") Notice of Removal and Motion to Proceed in Forma Pauperis. (ECF Nos. 1–2.) For the reasons set forth below, the Court hereby REMANDS the action to the Superior Court of California, County of Sacramento, due to lack of subject matter jurisdiction, and Defendant's Motion to Proceed in Forma Pauperis (ECF No. 2) is DENIED as moot.

**I.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

On or about November 26, 2019, Plaintiff U.S. Bank, National Association, as Trustee Successor in Interest to Bank of America, National Association, as Trustee for Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2006-AR1, its

1

Assignees and/or Successors ("Plaintiff") brought an action for unlawful detainer against Defendant and DOES 1-10 for possession of certain real property located in Sacramento, California. (Notice of Removal, ECF No. 1 at 14.) On January 17, 2020, Defendant filed an Answer to the Complaint in the Sacramento Superior Court. (Ans., ECF No. 1 at 30.) On February 21, 2020, Defendant filed a Notice of Removal, removing the unlawful detainer action from the Sacramento Superior Court. (ECF No. 1.)

## II. STANDARD OF LAW

28 U.S.C. § 1441 permits the removal to federal court of any civil action over which "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "Removal is proper only if the court could have exercised jurisdiction over the action had it originally been filed in federal court." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331, and (2) diversity jurisdiction under 28 U.S.C. § 1332. A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, . . . and is between citizens of different states, or citizens of a State and citizens or subjects of a foreign state . . . ." *Id.* § 1332(a)(1)–(2).

Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam). Furthermore, "[i]f the district court at any time determines that it lacks subject matter jurisdiction over the removed action, it must remedy the improvident grant of removal by remanding the action to state court." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838, as amended, 387 F.3d 966 (9th Cir. 2004), cert. denied 544 U.S. 974 (2005).

The "presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 386. Federal court jurisdiction therefore cannot be based on a defense, counterclaim, cross-claim, or

2

third-party claim raising a federal question. *See Vaden v. Discover Bank*, 556 U.S. 49 (2009); *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042–43 (9th Cir. 2009).

### III. ANALYSIS

Defendant removed the above-entitled action to this Court on the basis of federal question jurisdiction. (ECF No. 1 at 2.) Defendant argues federal question jurisdiction exists because Plaintiff's claim is based upon a notice which expressly references and incorporates the "Protecting Tenants at Foreclosure Act of 2009," a federal statute (12 U.S.C. § 5201). (ECF No. 1 at 2–3.) Defendant's argument fails.

It is clear that the Complaint itself contains only a single claim for unlawful detainer. (Compl., ECF No. 1 at 14–28 (citing Cal. Code Civ. Proc. § 1161a, Cal. Civ. Code §§ 2924 et seq.).) The instant Complaint therefore relies solely on California state law and does not state any claims under federal law. (*See id.*) And, contrary to Defendant's contention, the federal statute 12 U.S.C. § 5201 does not appear anywhere within the text of the Complaint or its supporting exhibits. (*See id.*) Furthermore, even assuming Defendant intends to raise a federal defense or assert a counterclaim against Plaintiff's unlawful detainer action, as articulated above, removal cannot be based on a defense, counterclaim, cross-claim, or third-party claim raising a federal question. *Caterpillar Inc.*, 482 U.S. at 392; *see also Vaden*, 556 U.S. at 49, 60–62; *Hunter*, 582 F.3d at 1042–43. Thus, Defendant cannot establish federal question jurisdiction.

In short, because the state court Complaint indicates that the only cause of action is one for unlawful detainer, which arises solely under state law, this action does not arise under federal law. There being no apparent grounds for federal jurisdiction, it is appropriate to remand this case, *sua sponte*, for lack of federal subject matter jurisdiction. *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004) ("the district court ha[s] a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not.").

///

///

///

## IV. CONCLUSION

For the reasons stated above, the Court hereby REMANDS this action to the Superior Court of California, County of Sacramento. Defendant's motion to proceed *in forma pauperis* (ECF No. 2) is DENIED as moot.

IT IS SO ORDERED.

Dated: February 27, 2020

Troy L. Nunley
United States District Judge